# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Scott Diehl,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-19-01568-PHX-DLR (JFM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 54) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 8). The R&R concludes that Petitioner's claims are without merit and recommends that the Amended Petition be denied and dismissed with prejudice. The magistrate judge advised the parties that they had fourteen days from the date of service of the R&R to file specific written objections with the Court. Petitioner filed objections to the R&R on May 14, 2021 (Doc. 59) and Respondents filed their response on May 28, 2021 (Doc. 60). Moreover, Petitioner filed his "Alternate Petition to Grant Certificate of Appealability and to Certify Questions for Review by the Ninth Federal Circuit of Appeals" on April 30, 2021 (Doc 57) and his Motion for Partial Summary Judgment on July 6, 2021 (Doc. 62). The Court has considered the objections and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Petitioner was charged with selling a sixteenth ounce of methamphetamine to an undercover police detective on December 3, 2013. After a jury trial, he was found guilty of the charge and convicted of one count of sale or transportation of dangerous drugs. Petitioner now raises eight objections to the R&R recommending denial and dismissal of his Amended Petition, which the Court will address, in turn.

Petitioner first objects to the "entirety" of the R&R. This first objection does not point to any specific grounds for the objection, and therefore provides the Court nothing to consider. Because the first objection does not meet the requirements of Fed. R. Civ. P. 72(b)(2), it is overruled.

Second, Petitioner objects that, during the deliberation phase of Petitioner's trial, the trial judge inappropriately communicated with the jury without consulting counsel. Particularly, the jury asked the trial court, "Is positive photo identification enough to rule out reasonable doubt?" The trial judge gave the *ex parte* answer, "That's an issue for the jury to decide." Petitioner argues that—because of the judge's *ex parte* statement—the jury convicted him based on a photo without finding, beyond a reasonable doubt, that he committed the other elements of the offense. The R&R correctly pointed out that courts begin with the presumption that juries comply with their instructions. (Doc. 54 at 12 quoting *Penry v. Johnson*, 532 U.S. 782, 799 (2001) ("We generally presume that jurors follow their instructions.")). Here, the jury instructions advised that Petitioner was presumed innocent, the state had the burden of proving each element of the offense beyond a reasonable doubt, and the jury should convict only if it was "firmly convinced" of Petitioner's guilt. Moreover, as the R&R found, the state appellate court resolved the issue on the merits, found that the judge's response to the jury question was both legally correct and appropriate, noted there was no reason to believe that the jury failed to follow the court's instructions, and concluded that, because Petitioner did not show that the communication was unreasonable or could have altered the outcome of the trial, the error was harmless. The second objection is overruled.

Petitioner's third objection relates to the R&R's rationale in finding that there was

sufficient evidence to support every element of the offense.  Petitioner mainly complains that the R&R incorrectly distinguished this case from the facts in *Manson v. Brathwaite*, 432 U.S. 98 (1977) and argues that there was no evidence that corroborated "the allegation that Diehl had ever possessed, transported or sold any drugs, <u>ever</u>." (Doc. 59 at 3 (emphasis in original).)  To the contrary, the R&R correctly analyzed the state of the evidence.  Here, unlike in *Manson*, there were two detectives, rather than one, who observed Petitioner.  They watched him in broad daylight, and one of the detectives, Ayala, who witnessed and testified to the sale, observed him for a lengthy period.  Furthermore, the detectives here identified Petitioner within four hours of the event, rather than two days later like in *Manson*.  Ultimately, the R&R correctly found that the differences between this case and *Manson* were distinctions that offset the lack of prior description and corroborating evidence.  And, notably, there is no requirement that eyewitness testimony be corroborated. *See United States v. Zapata*, 205 F.3d 1327 (2d Cir. 2000) (quoting *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990)) ("[a]ny lack of corroboration goes merely to the weight of the evidence, not to its sufficiency.").  Finally, Petitioner argues that the state did not meet its burden of production on each of the elements of the offense and reiterates that he was convicted only because of the trial judge's improper *ex parte* communication with the jurors.  Petitioner's argument overlooks Detective Ayala's testimony—that he asked Petitioner for a specific amount of a specific drug (a sixteenth ounce of methamphetamine) and that Petitioner sold him that quantity of that drug for $60—which establishes all the elements of the offense.  Petitioner's third objection is overruled.

Fourth, Petitioner objects to the R&R's statement that "each of the [*Biggers*] factors are not necessary to reliability." (Doc. 59 at 4.)  In *Neil v. Biggers*, 409 U.S. 188 (1972), after summarizing prior holdings that unnecessary suggestiveness in identification procedures requires exclusion of evidence if it gives rise to a very substantial likelihood of irreparable misidentification, the Supreme Court listed the factors to be considered in evaluating the likelihood of misidentification (the *Biggers* factors)—the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the

accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation—and found that under the "totality of the circumstances," there, the identification procedures were reliable even though the confrontation procedure was suggestive. *Id.* at 199-200. The *Biggers* decision does not hold, as Petitioner suggests, that each factor is necessary for finding that the identification is reliable. Instead, the R&R correctly explained that *Biggers* provides a totality of circumstances test that considers a list of factors, rather than a mandate that each factor be found for an identification to be reliable. (Doc. 54 at 22.) Here, the Arizona Court of Appeals considered the *Biggers* factors, and Petitioner cannot show that the state court was so obviously wrong that it is beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Petitioner's fourth objection is overruled.

In Petitioner's fifth objection, he argues that the R&R recommends a ruling contrary to statements in which the R&R agrees with his position. (Doc. 59 at 5.) Citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993), Petitioner particularly contends that the R&R's finding that the trial judge's *ex parte* communication with the jury was harmless is wrong because that communication allowed a conviction based only on identification and allowed the trial judge to act as a 13th juror in the case. The full quote from the R&R upon which Petitioner relies is:

> At most, the jury's question suggested that at least some jurors were prepared to convict solely on the basis of the photo identification, but only if that was permissible. Thus, the Court's response (tantamount to an instruction that they could permissibly do so) may indeed have been instrumental in their decision to convict. But that does not make juror testimony to that effect relevant. Why? Because courts begin with the presumption that juries comply with their instructions. "We generally presume that jurors follow their instructions." *Penry v. Johnson*, 532 U.S. 782, 799 (2001).

(Doc. 54 at 12.) Notably, the R&R explained that, if there is some question about what affected the jury's decision-making process, courts begin with the presumption that juries comply with their instructions. Looking to the jury instructions, the argument that the trial

judge's *ex parte* communication allowed a conviction based solely on identification, ignoring the other elements of the offense, fails. There is no reason to find that the *ex parte* communication caused the jurors to ignore the other instructions. And, the trial court's *ex parte* statement to the jury, "That's an issue for the jury to decide," in response to the question "Is positive photo identification enough to rule out reasonable doubt?" gave the jury no more instructions on the elements of the offense than the original instructions. It did not suggest to the jury how it should decide the case and it did not offer any opinion on the weight of the photo identification in relationship to the other elements described in the instructions. Petitioner's fifth objection is overruled.

Petitioner's sixth objection claims that the R&R erred by presuming that the state appellate court properly addressed his federal denial of counsel claim on the merits. Petitioner argues that the state court only adjudicated the merits of this claim under the state law harmless error standard instead of recognizing that structural error occurred when the judge entered the jury room because the state court decision did not mention *Bell v. Cone*, 535 U.S. 685 (2002) or *United States v. Cronic*, 466 U.S. 648 (1984). Moreover, he argues that the R&R should have *de novo* reviewed the claim because of the mixed questions of law and fact. To the contrary, the R&R correctly found that the state court addressed Petitioner's denial of counsel claim on the merits. The cases the state court relied on in rendering its decision were on point state cases that discussed and explained this federal constitutional right. Simply because the state court did not mention two cases cited by Petitioner, *Bell* and *Cronic*, does not establish that the state court did not address the claim on the merits. Because Petitioner has not presented facts rebutting the presumption that this court must follow—that the state court adjudicated the federal claim on the merits—the Court does not find error in the R&R's determination that the state court addressed merits of this claim. Petitioner does not point to material facts in dispute, and the Court has found none, warranting a *de novo* review. Petitioner's sixth objection is overruled.

Petitioner's seventh objection argues that when the judge communicated with the jury *ex parte*, it occurred at a "critical stage" of the proceedings, thereby requiring a finding of structural error and automatic reversal. The R&R correctly explained that the case upon which Petitioner's argument relies, *Cronic*, 466 U.S. 648, did not define "critical stage." *Rushen v. Spain*, 464 U.S. 114 (1983), cited by Petitioner, also does not define "critical stage," but does indicate that reversal should not be automatic when an *ex parte* communication between the court and a juror occurs. The Supreme Court in *Rushen* noted that, instead of automatic reversal, when the trial court has an *ex parte* communication with a juror, the court should hold a post-trial hearing to determine the effect of the communication and whether the court can mitigate constitutional error, if any:

> When an *ex parte* communication relates to some aspect of the trial, the trial judge generally should disclose the communication to counsel for all parties. The prejudicial effect of a failure to do so, however, can normally be determined by a post-trial hearing. The adequacy of any remedy is determined solely by its ability to mitigate constitutional error, if any, that has occurred.

*Id.* at 119-20. In *Rushen*, the Supreme Court found that the state courts had convincing evidence that the jury's deliberations were not biased by the relevant undisclosed communication and that the lower federal courts should have deferred to the presumptively correct state court finding the constitutional error of the *ex parte* communication was harmless. *Id.* at 121. That same reasoning applies here. The R&R correctly applied the standard set out in *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), that state courts have latitude in reaching reasonable outcomes in case-by-case determinations when the Supreme Court sets out a general rule. Here, the Court cannot find that the state court's decision was an unreasonable application of the Supreme Court's general rule. Petitioner's seventh objection is overruled.

Finally, Petitioner argues in his eighth objection that the trial judge's *ex parte* communication with the jury overcame all other instructions. Again, he insists that the jury was instructed to convict based on a photo identification without the need to find the

other required elements of the offense. However, the other jury instructions were clear, concise, accurate and legally correct. There was nothing about the judges' *ex parte* communication that eliminated, altered, or changed those instructions. The communication did not indicate that the jurors should give more weight to certain evidence than other evidence and merely correctly informed the jury that the question of whether a positive photo identification was enough to rule out reasonable doubt was a question for them to decide. Furthermore, this objection again raises a sufficiency of the evidence argument. As previously noted, the record includes Detective Ayala testimony that he asked Petitioner, whom he identified in court, for a specific amount of a specific drug, and Petitioner sold it to him. Petitioner's eighth objection is overruled. Accordingly,

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 59) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Doc. 54) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 8) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's partial motion for summary judgment (Doc. 62), which reiterates the arguments made in Petitioner's Objection to the R&R, is **DENIED.**

**IT IS FURTHER ORDERED** that, because jurists of reason would not find the assessment of the constitutional claims herein debatable or wrong, Petitioner's Alternate Petition to Grant Certificate of Appealability and to Certify Questions for Review by the Ninth Federal Circuit of Appeals (Doc 57) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because jurists of reason would not find the assessment of the constitutional claims herein, debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed

pursuant to 28 U.S.C. § 2254 (Doc. 8) with prejudice, terminate all pending motions, and close this case.

Dated this 21st day of July, 2021.

Douglas L. Rayes
United States District Judge